No.  12-4447

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

—————————

UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

v.

BRANDON BAXTER,
*Defendant/Appellant.*

—————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

—————————

BRIEF OF APPELLANT BAXTER

—————————

STEVE S. NOLDER,
FEDERAL PUBLIC DEFENDER
Kevin M. Schad
Attorney for Appellant
Assistant Federal Public Defender
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
(513) 929-4834
Kevin_schad@fd.org

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... ii

JURISDICTIONAL STATEMENT.......................................................................1

STATEMENT REGARDING ORAL ARGUMENT.................................................1

STATEMENT OF THE ISSUES ...........................................................................2

STATEMENT OF THE CASE ..............................................................................3

STATEMENT OF FACTS .....................................................................................4

SUMMARY OF THE ARGUMENT......................................................................7

ARGUMENT ........................................................................................................8

I.    THE COURT ERRED IN ENHANCING BAXTER'S BASE
OFFENSE LEVEL FOR TERRORISM .........................................................8

II.   THE COURT COMMITTED PROCEDURAL ERROR AT
SENTENCING................................................................................13

CONCLUSION.................................................................................................16

CERTIFICATE OF COMPLIANCE ....................................................................17

CERTIFICATE OF SERVICE

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

# TABLE OF AUTHORITIES

## Cases

*Rita v. United States*, 551 U.S. 338 (2007) ............................................14

*United States v. Aleo*, 681 F.3d 290,298 (6th C. 2012)...........................14

*United States v. Assi*, 428 Fed Appx. 570 (6th C. 2011) .......................9

*United States v. Jallad*, 468 Fed Appx. 600,605 (6th C. 2012)...........14

*United States v. Jones*, 641 F.3d 706,712 (6th C. 2011)........................8

*United States v. Jordi*, 418 F.3d 1212,1217 (11th C. 2005) ...............10

*United States v. Lantz*, 443 Fed Appx. 135,146 (6th C. 2011)..........13

*United States v. Leahy*, 169 F.3d 433 (7th C. 1999) ............................10

*United States v. Munoz-Hernandez*, 440 Fed Appx. 460,462 (6th C. 2011).........................................................................................................14

*United States v. Peters*, 512 F.3d 787,789 (6th C. 2008)...................14

*United States v. Siddiqui*, 699 F.3d 690 (2nd C. 2012) .........................9

*United States v. Stewart*, 590 F.3d 93,139 (2nd C. 2009)....................10

*United States v. Williams*, 431 Fed Appx. 404,411 (6th C.  2011)....................13

## JURISDICTIONAL STATEMENT

This Honorable Court has jurisdiction to hear this matter pursuant to 28 United States Code § 1291, as there has been a final adjudication by a United States District Court on November 21, 2012. (R.209, Judgment, Page ID # 3283) A timely notice of appeal was received by the district court on November 26, 2012. (R.213, Notice of Appeal, PAGE ID # 3341)

## STATEMENT REGARDING ORAL ARGUMENT

Baxter respectfully submits that the issues raised herein may be further developed, and therefore submits oral argument is necessary in this matter.

Respectfully requested,

 /s/ Kevin Schad
Kevin M. Schad
Attorney for Appellant

## STATEMENT OF THE ISSUES

1. The court erred in enhancing the base offense level under U.S.S.G. § 3A1.4.

2. The sentence was procedurally unreasonable as the court failed to make findings of fact.

## STATEMENT OF THE CASE

On May 3, 2012, a three count indictment was returned in the Northern District of Ohio charging the Appellant Brandon Baxter (along with other co-defendants) with: conspiracy to use a weapon of mass destruction, in violation of 18 U.S.C. § 2332a(a)(2)(B); one count of attempted use of a weapon of mass destruction, in violation of 18 U.S.C. § 2332a(a)(2)(B), and one count of attempting to damage and destroy by mean of an explosive real property used in interstate commerce, in violation of 18 U.S.C. § 844(i). (R.8, Indictment, PAGE ID #154-155)

After unsuccessfully litigating a motion to suppress, on September 5, 2012, Baxter entered a plea of guilty as to each count in the indictment, without the benefit of a plea agreement. (R.156, Plea Hearing PAGE ID # 1812)

The court held two days of hearings on sentencing issues, on November 5, and 6, 2012. On November 20, 2012, Baxter appeared for sentencing and was sentenced to 117 months incarceration, to be followed by lifetime supervised release. (R.209, Judgment, PAGE ID #3283)

## STATEMENT OF FACTS

On April 30, 2012,  Appellant Brandon Baxter, along with co-defendants Douglas Wright, Anthony Hayne, Connor Stevens, and Josh Stafford placed c-4 explosives on the Brecksville-Northfield High Level Bridge located on State Route 82 in Cleveland, Ohio.  They then left the area, and attempted to detonate the explosives through a cellular device.  But the explosives did not detonate.  This is because they were intentionally rendered inert by the undercover FBI agent that sold them the explosives.  The co-defendants were arrested shortly after their attempt.

This case started as a result of FBI infiltration of the Occupy Cleveland movement in the fall of 2011.  The Occupy Cleveland movement was part of a nationwide movement protesting the "1%" of wealthy Americans, and corporate greed.  The FBI had been working with an undercover civilian operative (known as the "CHS"), who had gone to the Occupy Cleveland protest, and found what he described as an anarchist group "itching for a fight", a group of 7 men with black masks, an anarchist flags, who were uninterested in peaceful protest (according to the CHS). (R.179, Hearing PAGE ID # 2288-2290)

The CHS talked on and off over a several month period with Doug (later known as Douglas Wright, one of the co-defendants).  Wright met with the CHS in February, 2012, and indicated that he "wanted to come up with a plan to basically strike back at the 1 percent, what he saw as corporate America". (R.179, Hearing PAGE ID # 2299)  The CHS met with Wright on February 20, 2012, and they discussed disrupting the opening of the Cleveland Horseshoe Casino (seen by Wright as a symbol of the 1%) by using stink bombs and paintball guns. (R.179, Hearing PAGE ID # 2303)

These discussions progress over the next month – Appellant Brandon Baxter, a 19 year old with a history of mental problems and suicide attempts (R.180, Hearing PAGE ID# 2487) joined the group.  Others did as well, including Connor Stevens.  The CHS provided Baxter and Wright with money, and eventually employed them rehabbing houses in the Cleveland area.  He also agreed to bankroll the purchase of riot gear, batons, and C-4 explosives.

The group changed their target from the casino to oil wells to a cargo ship.  The group liked the idea of a cargo ship, as it would directly affect commerce of the 1%. (R.179, Hearing PAGE ID # 2330)  They discussed setting the C-4 in the river to act as a depth charge.  The CHS became

frustrated when the group would not pick a specific target or plan. (R.179, Hearing PAGE ID # 2369)

Eventually, the Route 82 Brecksville-Northfield High Level Bridge was targeted.  Again, according to one of the co-defendants, Anthony Hayne (who was testifying on behalf of the Government as part of a plea agreement), the purpose of choosing that bridge was to "stop the transportation of the 1 percent". (R.179, Hearing PAGE ID # 2459)  This led to the purchase of the inert C-4, and the events of April 30.

## SUMMARY OF THE ARGUMENT

### I.

It was error to enhance Baxter's sentence under U.S.S.G. § 3A1.4, as his offense did not have the United States as a target.

### II.

The district court failed to address contested sentencing issues.

# ARGUMENT

## I.    THE COURT ERRED IN ENHANCING BAXTER'S BASE OFFENSE LEVEL FOR TERRORISM

Baxter submits that his sentence must be vacated, as the district court erroneously determined that he engaged in terrorism as defined under 18 U.S.C. § 2332b.  The imposition of an enhancement under U.S.S.G. § 3A1.4 was erroneous, and his Guidelines range must be recalculated, and a new sentence imposed, without that enhancement.

### Standard of Review

Guidelines calculations are reviewed under a clearly erroneous standard of review. *United States v. Jones*, 641 F.3d 706,712 (6th C. 2011)

At sentencing, the district court found that "After considering the evidence as hereinbefore described, as well as the previously cited appellate decisions, the Court finds by a preponderance of the evidence that the conduct of the three defendants Wright, Baxter and Stevens, individually and collectively, was 'calculated to influence and affect the conduct of the government.' As a consequence, the Court finds that the terrorism enhancement applies to each of the three defendants." (R.187, Opinion PAGE ID # 2944)  This decision was factually and legally incorrect

Baxter's sentence was enhanced under U.S.S.G. § 3A1.4.  As summarized in *United States v. Siddiqui*, 699 F.3d 690 (2ᵈ C. 2012), "[t]he enhancement increases by twelve the defendant's offense level and elevates the defendant's criminal history category to category six if the defendant's offense 'is a felony that involved, or was intended to promote, a federal crime of terrorism.' []  A 'federal crime of terrorism' is an offense that 'is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct'; and is a violation of any one of a number of enumerated statutes". *Id.* at 708

This Court has had few occasions to develop precedent on this enhancement.  Further, there does not appear to be any substantive law from the Circuit on the issue before this Court: whether the offense attempted to influence or affect the conduct of the government.  The only decision of this Court even related to this issue is *United States v. Assi*, 428 Fed Appx. 570 (6ᵗʰ C. 2011), which found the phrase "government" to include foreign states. *Id.* at 576  Therefore, this is a matter of first impression with this Court.

A review of other circuits' handling of this issue reveals that the conduct involved in the instant offense is not captured under the U.S.S.G. § 3A1.4 enhancement.  "[S]ection 2332b(g)(5)(A) describes a motivational requirement,

a 'specific intent'". *United States v. Stewart*, 590 F.3d 93,139 (2ⁿᵈ C. 2009)

Further, attempts to influence a civilian population, or section thereof, are

specifically excluded under the Guideline. See *United States v. Jordi*, 418 F.3d

1212,1217 (11ᵗʰ C. 2005)

In the case of *United States v. Leahy*, 169 F.3d 433 (7ᵗʰ C. 1999), the

Seventh Circuit overturned an enhancement under this section where the

Government had failed to prove that the defendant's conduct was directed

towards the Government.  In that case, the defendant had toxins, which he

intended to send through the US mails to his "enemies", whom he hoped

would become infected and die.  Although his conduct would have exposed the

public (and Government employees) to great harm, his "target" was not the

Government.  The court found that "there is absolutely no evidence in the

record that Leahy sought to influence or affect the conduct of the

government." *Id.* at 446  Therefore, enhancement of the sentence on this basis

was improper, and required resentencing.

Certainly, Baxter's offenses of conviction were among the enumerated

offenses listed under U.S.S.G. § 3A1.4.  But the Government failed to present

evidence that the goal of Baxter (or the group, for that matter), was to

influence or affect the conduct of any government.  Instead, the evidence

supplied by the Government proved that the group intended to affect the "1%",
which was defined by a Government witness as "the richest 1 percent in the
country who they view control and own all the power and money in the
country". (R.179, Hearing PAGE ID # 2299)  The court further found that the
"1%" delineation is based upon wealth, not job or position. (R.179, Hearing
PAGE ID # 2300)

From the first meeting, the "1%" was the sole target.  As FBI Agent
Taylor (the special agent in charge of the investigation) testified to, co-
defendant Wright "wanted to come up with a plan to basically strike back at
the 1 percent, what he saw as corporate America ". (R.179, Hearing, PAGE ID
# 2299)  To that end, the group identified a casino as a potential site to use
"stink bombs" and paintball guns, because it was a big symbol of the 1%.
(R.179, Hearing PAGE ID # 2303)  Later, the target changed to a cargo ship.
The cargo ship was targeted because of its ability to affect commerce and
merchandise, again targeting the 1%. (R.179, Hearing PAGE ID # 2330)
Finally, even when the bridge was finally identified as a target, co-defendant
Anthony Hayne testified that the purpose for blowing up the bridge was to
"stop the transportation of the 1 percent". (R.179, Hearing PAGE ID # 2459)

This offense was never about the Government.  The Government was never a target – it was always about corporate and wealthy America.  As such, a terrorism enhancement was inappropriate.  A remand for resentencing is required.

II.    **THE COURT COMMITTED PROCEDURAL ERROR AT**

    **SENTENCING**

Baxter submits that the case must be remanded for resentencing, as the court did not make any findings of fact based upon facts contested in the PSR.

**Standard of Review**

Compliance with Rule 32 is reviewed *de novo*. *United States v. Lantz*, 443 Fed Appx. 135,146 (6th C. 2011)

Prior to sentencing, Baxter filed a sentencing memorandum in which he identified several factual inaccuracies in the PSR.  The court failed to make findings on these contested facts, and did not indicate that the facts would not be relied upon. The failure to make findings is procedural error requiring reversal.

"This court reviews a district court's sentencing decision for reasonableness, which has both a substantive and a procedural component." *United States v. Williams*, 431 Fed Appx. 404,411 (6th C. 2011)  "The district court commits procedural error by failing to calculate, or improperly calculating, the guidelines range, treating the guidelines as mandatory, failing

to consider the § 3553(a) factors, selecting a sentence based on clearly

erroneous facts, failing to entertain and address all non-frivolous arguments by

the defendant in mitigation of his sentence, or failing to explain adequately

the chosen sentence." *United States v. Munoz-Hernandez*, 440 Fed Appx.

460,462 (6ᵗʰ C. 2011)  "When the defendant or prosecutor 'presents

nonfrivolous reasons for imposing a different sentence,' ... a sentencing judge

should address the 'parties' arguments' and 'explain why he has rejected those

arguments.'" *United States v. Peters*, 512 F.3d 787,789 (6th C. 2008), citing

*Rita v. United States*, 551 U.S. 338 (2007)

"Federal Rule of Criminal Procedure 32(i)(3)(B) provides that, '[a]t

sentencing, the court must—for any disputed portion of the presentence report

or other controverted matter—rule on the dispute or determine that a ruling is

unnecessary either because the matter will not affect sentencing, or because

the court will not consider the matter in sentencing.'" *United States v. Aleo*,

681 F.3d 290,298 (6ᵗʰ C. 2012)  "We require 'literal compliance' with the Rule,

and '[i]f a sentencing court fails to make the necessary factual findings, then

we must remand for resentencing.'" *United States v. Jallad*, 468 Fed Appx.

600,605 (6ᵗʰ C. 2012)(internal citation omitted)

14

As set forth by defense counsel during the sentencing hearing, there were specific factual objections to the PSR report: (1) a failure to include specific facts (outlined in the sentence memoranda) related to the events between February 20 to March 28, (2) the description of events on March 28, (3) paragraph 19's use of the phrase "site selection", (4) paragraph 22's offense conduct description, and (5) the victim impact statement. (R.249, Sentencing PAGE ID # 3557-58)

At no time did the court make findings on these specific factual objections, require the Government to prove them, or indicate that it was not going to consider those contested facts in determining the sentence. This violates Rule 32 and results in a procedurally unreasonable sentence. On this basis, the sentence must be vacated.

15

## CONCLUSION

For the foregoing reasons, Baxter respectfully requests that this Court vacate the sentence and remand for resentencing.

Respectfully Submitted,

STEVE S. NOLDER,
FEDERAL PUBLIC DEFENDER

 /s/ Kevin Schad
Kevin M. Schad
Attorney for Appellant
Assistant Federal Public Defender
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
(513) 929-4834
Fax (513) 929-4842
Kevin_schad@fd.org

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that the foregoing brief complies with the type-volume limitation provided in Federal Rule of Appellate Procedure 32(a)(7)(B). The relevant portions of the foregoing brief contain 2821 words in Century Schoolbook (14-point) type.  The word processing software used to prepare this brief was Microsoft Office Word 2010.

/s/ Kevin M. Schad
_____
Kevin Schad
Counsel for Appellant

17

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2013, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will send notification of such filing to the following at their e-mail addresses on file with the Court:

Assistant United States Attorney Thomas E. Getz

/s/  Kevin M. Schad

Kevin Schad
Attorney for Appellant

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

In accordance with 6 Cir. R. 30, Appellant hereby designates as "Relevant District Court Documents" the following documents filed in the district court and available via that court's electronic CM/ECF system:

| District Court Docket Number | ID # | Description of Document |
|---|---|---|
| 8 | 154-155 | Indictment |
| 156 | 1812-1840 | Transcript Plea 9.5.12 |
| 170 | 2071-2168 | Sentencing Memorandum Baxter |
| 172 | 2190-2207 | Joint Sentencing Memorandum defense |
| 175 | 2208-2228 | Sentencing Memorandum Government |
| 179 | 2260-2474 | Transcript Hearing 11.5.12 |
| 180 | 2475-2574 | Transcript Hearing 11.6.12 |
| 181 | 2575-2584 | Post Hearing Memorandum Baxter |

| | | |
|---|---|---|
| **184** | **2648-2889** | Post Hearing Memorandum Government |
| **187** | **2918-2953** | Memorandum Opinion and Order |
| **192** | **2963-2971** | Sentencing Memorandum Baxter |
| **200** | **3164-3185** | Final Sentencing Memorandum Government |
| **206** | **3243-3257** | Memorandum Opinion |
| **209** | **3283-3289** | Judgment |
| **213** | **3341-3342** | Notice of Appeal |
| **249** | **3530-3575** | Transcript Sentencing 11.20.12 |